**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

__Northern__ District of __Texas__
(State)

Case number (*If known*): _____   Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   4750 GHW Bush Land Holdings LLC

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   3 2 – 0 9 1 1 6 1 4

4. **Debtor's address**

   **Principal place of business**

   4750 President George Bush Highway
   Number    Street

   _____

   Sachse                    Texas    75048
   City                      State    ZIP Code

   Dallas County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City        State     ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City        State     ZIP Code

5. **Debtor's website** (URL)

   https://www.trinitysachse.com

Debtor **4750 GHW Bush Land Holdings LLC**     Case number (*if known*)_____
     Name

---

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify: _____

---

**7. Describe debtor's business**

A. *Check one:*

☒ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

  6  2  2  1

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check **all** that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor  **4750 GHW Bush Land Holdings LLC**_____   Case number (*if known*)_____
      Name

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When _____  Case number _____
                                                MM / DD / YYYY
          District _____  When _____  Case number _____
                                                MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  **Sunland Medical Foundation**   Relationship  **Affiliate**
        District  **Northern District of Texas**   When _____
                                                MM / DD / YYYY
        Case number, if known _____

---

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                                 Number     Street
_____
_____   _____  _____
City                                                         State  ZIP Code

**Is the property insured?**

☐ No
☐ Yes.  Insurance agency _____
        Contact name  _____
        Phone  _____

---

### Statistical and administrative information

Debtor  **4750 GHW Bush Land Holdings LLC**
Name

Case number (if known) _____

### 13. Debtor's estimation of available funds

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

### 14. Estimated number of creditors*

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

### 15. Estimated assets*

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☒ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

### 16. Estimated liabilities*

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☒ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### 17. Declaration and signature of authorized representative of debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **8/28/2023**
MM / DD / YYYY

X _____      Jonathan Nash
Signature of authorized representative of debtor      Printed name

Title  **Chief Restructuring Officer**

* Please note that this information is being offered on a consolidated basis.

| | | | |
|---|---|---|---|
| Debtor | 4750 GHW Bush Land Holdings LLC | Case number (if known) | |
| | Name | | |

**18. Signature of attorney**

✗ _____  Date  8/28/2023
Signature of attorney for debtor                MM / DD / YYYY

Marcus A. Helt
Printed name

McDermott Will & Emery LLP
Firm name

2501 North Harwood Street, Suite 1900
Number      Street

Dallas                                        Texas      75201
City                                          State      ZIP Code

(214) 295 - 8000                              mhelt@mwe.com
Contact phone                                 Email address

24052187                                      Texas
Bar number                                    State

**OMNIBUS ACTION BY WRITTEN CONSENT IN LIEU OF A MEETING
OF THE BOARD OF DIRECTORS AND CONTROLLING ENTITY OF
SUNLAND MEDICAL FOUNDATION AND 4750 GHW BUSH LAND HOLDINGS LLC**

August 25, 2023

The undersigned, constituting all of the members of the Board of Directors (the "Board") and the sole member (the "Controlling Entity") of Sunland Medical Foundation, a New Mexico nonprofit 501(c)(3) corporation, and 4750 GHW Bush Land Holdings LLC, a Texas LLC (each a "Company" and together, the "Companies"), respectively, hereby consent, in accordance with the organizational documents of each Company and applicable state laws, to the following actions and adopt the following resolutions (the "Resolutions") with respect to each Company in lieu of a meeting effective as of the date hereof:

**A.    Chapter 11 Filing**

**WHEREAS**, the Board and the Controlling Entity have considered presentations by management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to them, and the effect of the foregoing on the Companies' businesses; and

**WHEREAS**, the Board and the Controlling Entity have had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, IT IS**

**RESOLVED**, that in the judgment of the Board and the Controlling Entity, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that the Companies shall be and hereby are authorized to file or cause to be filed voluntary petitions for relief for the Companies (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in a court of proper jurisdiction (the "Bankruptcy Court"); and it is further

**RESOLVED**, that Jonathan Nash of MeadowLark Advisors, LLC ("MeadowLark") be, and hereby is, authorized, empowered, and directed to serve as the Chief Restructuring Officer (the "CRO") of the Companies on the terms set forth in that certain engagement agreement by and between Sunland Medical Foundation and MeadowLark dated as of September 18, 2022, with power and authority to pursue on behalf of the Companies such bankruptcy or other restructuring as the CRO may deem appropriate and to represent the Companies and act on behalf of the Companies in any case commenced by the Companies under the Bankruptcy Code, and such other power and authority granted to the officers of the Companies under these Resolutions; and it is further

**RESOLVED**, that in the judgment of the Board and the Controlling Entity, it is desirable and in the best interests of the Companies that Jonathan Nash, in his capacity as CRO, and J Cooper Crouse, in his capacity as Chief Executive Officer, on behalf of each Company and each manager, member, officer, or director of each Company (collectively, the "Authorized Officers"), in each

case, acting singly or jointly, be, and each of them hereby is, authorized, empowered, and directed to execute and file, or cause to be filed, with the Bankruptcy Court, for either or both Companies, all petitions, schedules, lists, motions, applications, pleadings, and any other necessary papers or documents, including any amendments thereto, and to take any and all action and perform any and all further deeds that they deem necessary or proper to obtain chapter 11 bankruptcy relief, including but not limited to motions to obtain the use of cash collateral and provide adequate protection therefor, or in connection with the Chapter 11 Case of such Company, with a view to the successful prosecution of each Chapter 11 Case, including the negotiation of such additional agreements, modifications, supplements, reports, documents, instruments, applications, notes, or certificates that may be required and/or the payment of all fees, consent payments, taxes, and other expenses as any such Authorized Officer, in their sole discretion, may approve or deem necessary, appropriate, or desirable in order to carry out the intent and accomplish the purposes of the Resolutions herein and the transactions contemplated thereby; and it is further

**RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and hereby are, authorized, empowered and directed to certify the authenticity of these Resolutions.

**B.**     **Retention of Professionals**

**IT IS FURTHER RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized and directed to employ the law firm of McDermott Will & Emery LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of McDermott Will & Emery LLP; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized and directed to employ the firm of MeadowLark Advisors, LLC to represent and assist the Authorized Officers and the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of MeadowLark Advisors, LLC; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized and directed to employ the firm of Stretto as notice, claims, and balloting agent and as administrative advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto; and it is further

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

C. **Interim Debtor-in-Possession Financing: Interim Cash Collateral Order and Adequate Protection**

**IT IS FURTHER RESOLVED**, that the Authorized Officers of the Companies be, and hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Companies, as debtors and debtors in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Companies to incur and perform their obligations under a debtor in possession financing transaction ("DIP Loan") so long as the DIP Loan is (x) no greater than $14,000,000.00; and (y) the lender under the Interim DIP Loan is Principal Street High Income Municipal Fund as DIP Lender (the "DIP Lender"); and it is further

**RESOLVED**, that the Companies will obtain benefits from the use of collateral, including cash collateral, as the term is defined in Bankruptcy Code Section 363(a) (the "Collateral"), some of which may be security for certain prepetition lenders and secured bondholders (collectively the "Prepetition Secured Parties"); and it is further

**RESOLVED**, that to use and obtain the benefits of Collateral and in accordance with Bankruptcy Code Section 363, the Companies will provide certain adequate protection to the Prepetition Secured Parties (the "Adequate Protection Obligation"), as documented in a proposed order (the "Cash Collateral Order") and submitted for approval to the Bankruptcy Court; and it is further

**RESOLVED**, that each of the Authorized Officers of the Companies be, and hereby are, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which any Company is or will be a party.

D. **General**

**IT IS FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of any Company, to take all actions with respect to the transactions contemplated by these Resolutions as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's or Authorized Officers' reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated in these Resolutions; and that it is further

3

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered, in the name of and on behalf of any Company, to cause any Company to enter into, execute, deliver, certify, file, and/or record and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates, or other documents, and to take such other action, as in the judgement of such person shall be or become necessary, proper, or desirable to prosecute to a successful completion the Chapter 11 Cases, including, but not limited to, implementing the foregoing Resolutions and transactions contemplated by these Resolutions; and that it is further

**RESOLVED**, that all members of the Board and the Controlling Entity of the Companies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and it is further

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by Resolution of the Board and the Controlling Entity; and it is further

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Companies with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Companies, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

These Resolutions may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one instrument.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of Sunland Medical Foundation, have executed these Resolutions as of the date first set forth above.

_____
PETER CAPARIS, Director

_____
GENE DAVIS, Director

_____
HEIDI BRAGG, Director

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Sunland Medical Foundation, have executed these Resolutions as of the date first set forth above.

_____

PETER CAPARIS, Director

_____

GENE DAVIS, Director

_____

HEIDI BRAGG, Director

*[Signature Page to Omnibus Action by Written Consent of*
*Board of Directors of Sunland Medical Foundation]*

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Sunland Medical Foundation, have executed these Resolutions as of the date first set forth above.

_____
PETER CAPARIS, Director


_____
GENE DAVIS, Director


*Heidi Bragg*
_____
HEIDI BRAGG, Director

*[Signature Page to Omnibus Action by Written Consent of
Board of Directors of Sunland Medical Foundation]*

**IN WITNESS WHEREOF**, the undersigned has executed this Omnibus Action by Written Consent as of the date first set forth above.

SUNLAND MEDICAL FOUNDATION,
AS SOLE MEMBER OF GHW BUSH
LAND HOLDINGS LLC

_____
Name: J Cooper Crouse
Title: Chief Executive Officer

**Fill in this information to identify the case:**

Debtor name __4750 GHW Bush Land Holdings LLC__

United States Bankruptcy Court for the: __Northern__ District of __Texas__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | BATSU Enterprises LLC  11501 E. Northwest Highway  Dallas, TX 75218 | Attn: James R. Campbell  jcampbellcorp@gmail.com | Unsecured Loan | | | | $10,000,000.00 |
| 2 | QHR  1573 Mallory Ln, Suite 200  Nashville, TN 37027 | Attn: W. Jedd Peak  P: 615-371-4956  jpeak@qhr.com | Unsecured Loan | | | | $742,472.36 |
| 3 | Concord  1602 Ave Q  Lubbock, TX 79714 | Attn: Ashlie Boazman  P: 806-686-3359  aboazman@concordmedicalgroup.com | Emergency Department Management | | | | $302,717.25 |
| 4 | Insight Direct  PO Box 731069  Dallas, TX 75373 | Attn: Bryan Varner  P: 470-596-8005  bryan.varner@insight.com | IT Support | | | | $266,942.78 |
| 5 | Talley Riggins Construction Group  1217 Digital Dr, Suite 100  Richardson, TX 75081 | Attn: Reannyon Cisnero  P: 469-409-1050  rcisnero@talley-riggins.com | ICU Construction | | | | $179,447.00 |
| 6 | Surgical Serv  PO Box 941769  Plano, TX 75094 | Attn: Anam Hussain  P: 972-345-6526  info@surgicalserv.com | Surgical Supplies | | | | $176,700.00 |
| 7 | HHS - CNS  PO Box 734364  Dallas, TX 75373 | Attn: Doug Schreiber  P: 803-322-1966  dschreiber@hhs1.com | Food Services | | | | $162,589.91 |
| 8 | Meditech  PO Box 74569  Chicago, IL 60696 | Attn: Nate Baczek  P: 781-774-4572  nbaczek@meditech.com | IT Support | | | | $152,100.00 |

Official Form 204   Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims   page 1

Debtor Name _____      Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | CPS<br>PO Box 7410636<br>Chicago, IL 60674 | Attn: Marnie Wilkerson<br>P: 830-225-3045<br>Marnie.wilkerson@cps.com | Pharmacy Supplies | | | | $125,259.40 |
| 10 | GE Precision Healthcare - Imaging<br>PO Box 96483<br>Chicago, IL 60693 | Attn: Claudia Andrade<br>P: 214-536-9224<br>claudia.andrade@ge.com | Radiology Imaging Supplies | | | | $88,387.47 |
| 11 | HHS - EVS<br>PO Box 734367<br>Dallas, TX 75373 | Attn: Doug Schreiber<br>P: 803-322-1966<br>dschreiber@hhs1.com | Food Services | | | | $85,979.49 |
| 12 | TKA<br>1 Centerpointe Dr, Suite 200<br>La Palma, CA 90623 | Attn: Jeff Niederhausen<br>P: 513-846-6527<br>jeffery.niederhausen@ii-techknow.com | Repairs and Maintenance | | | | $85,682.52 |
| 13 | Hegwood Group, LP<br>c/o Registered Agent<br>17855 Dallas Pkwy, Suite 300<br>Dallas, TX 75287 | Attn: Melinda D. Blackwell<br>P: 972-248-9574<br>info@hegwoodgroup.com | Tax Reduction Work | | | | $81,702.03 |
| 14 | 3M Health<br>Dept. 0881 PO Box 120881<br>Dallas, TX 75312 | Attn: Tami Reynolds<br>P: 385-379-3848<br>tjreynolds@mmm.com | IT Support | | | | $64,002.42 |
| 15 | **Beckman Coulter, Inc.**<br>**Dept CH 10164**<br>**Palatine, IL 60055** | Attn: Vince Altrim<br>P: 817-889-4347<br>avinca@beckman.com | Lab Supplies | | | | $55,764.92 |
| 16 | First OnSite<br>PO Box 734756<br>Chicago, IL 60673 | Attn: Randy Mayfield<br>P: 817-293-0035<br>randy.mayfield@firstonsite.com | Repairs and Maintenance | | | | $54,032.27 |
| 17 | Blue Signal Search<br>4545 E Shea Blvd #250<br>Phoenix, AZ 85028 | Attn: Thomas Lathroum<br>P: 214-227-9874<br>tlathroum@bluesignal.com | Revenue Cycle Management | | | | $51,234.00 |
| 18 | Abbott<br>1921 Hurd Dr.<br>Irving, TX 75038 | Attn: Aasim Saeed<br>P: 800-323-9030<br>Aasim.saeed@abbott.com | Lab Supplies | | | | $47,351.54 |
| 19 | Cardinal Health<br>PO Box 730112<br>Dallas, TX 75373 | Attn: Kelley Meeker<br>P: 972-740-1500<br>kelley@meeker@cardinalhealth.com | Hospital Supplies | | | | $40,523.27 |

Debtor Name _____    Case Number _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 **Security Reconnaissance Team**<br>2809 Regal Rd, Suite 103<br>Plano, TX 75075 | Attn: Mike St. Andre<br>P: 972-596-2476<br>m.standre@srteam-inc.com | Security | | | | $36,138.00 |
| 21 **The Station Commercial Property Owner's Association**<br>c/o Capital Consultants Management Corporation<br>7800 N Dallas Pkwy, Suite 450<br>Plano, TX 75024 | Attn: Tina Borg<br>P: 469-543-0110<br>tborg@ccmcnet.com | HOA Dues | | | | $35,000.00 |
| 22 **Steris**<br>PO Box 676548<br>Dallas, TX 75267 | Attn: Kim Swafford<br>P: 214-883-7776<br>kim_swafford@steris.com | Hospital Supplies | | | | $28,769.04 |
| 23 **Medline**<br>DEPT 1080 PO Box 121080<br>Dallas, TX 75312-1080 | Attn: Farhan Ladiwala<br>P: 847-962-8286<br>fladiwala@medline.com | Hospital Services | | | | $26,346.90 |
| 24 **Baxter**<br>1999 Bryan St., Ste. 900<br>Dallas, TX 75201-3136 | Attn: Kevin Salgado<br>P: 224-9481-1227<br>Kevin_Salgado@baxter.com | Hospital Supplies | | | | $24,160.35 |
| 25 **Werfen**<br>180 Hartwell Road<br>Bedford, MA 01730-2433 | Attn: Steven Carlin<br>P: 781-674-3200<br>scarlin@werfen.com | Lab Supplies | | | | $23,485.46 |
| 26 **DRFIRST**<br>PO Box 791487<br>Baltimore, MD 21279 | Attn: Kira Krivitskiy<br>P: 301-231-9510<br>kkrivitskiy@drfirst.com | Medical Licensing Fees | | | | $23,276.00 |
| 27 **Texas Airsystems**<br>6029 Campus Circle Dr W 100<br>Irving, TX 75063 | Attn: Kelly Fagan<br>P: 972-570-4700<br>kelly.fagan@texasairsystems.com | Repairs and Maintenance | | | | $21,805.03 |
| 28 **Prism Electric**<br>2985 Market Street<br>Garland, TX 75041 | Attn: Shelley Hazelip<br>P: 214.380.5502<br>shazelip@prismelectric.com | Repairs and Maintenance | | | | $21,608.44 |
| 29 **JEM Medical**<br>2328 Lincoln Hwy Ste. 145<br>New Lenox, IL 60451 | Attn: Jamie Peters<br>P: 815-462-9410<br>jamie@jemmedical.com | Radiology Imaging | | | | $21,286.33 |
| 30 **Staples**<br>PO Box 660409<br>Dallas, TX 75266 | Attn: Josue Flores<br>P: 800-226-5172 EXT 12468<br>Josue.flores@staples.com | Office Supplies | | | | 20,501.37 |

Official Form 204    **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**    page 3

Marcus A. Helt
TX Bar No. 24052187
Jack G. Haake
TX Bar No. 24127704
Grayson Williams
TX Bar No. 24124561
MCDERMOTT WILL & EMERY LLP
2501 North Harwood Street, Suite 1900
Dallas, Texas 75201-1664
Telephone: (214) 295-8000
Fax: (972) 232-3098
E-mail: mhelt@mwe.com
   jhaake@mwe.com
   gwilliams@mwe.com

Natalie Rowles *(pro hac vice* admission pending)
MCDERMOTT WILL & EMERY LLP
One Vanderbilt Avenue
New York, New York 10017-3852
Tel:  (212) 547-5400
Fax:  (212) 547-5444
Email:  nrowles@mwe.com

PROPOSED COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SUNLAND MEDICAL FOUNDATION, *et al.*,[1] | ) | Case No. 23-[_____] (____) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT (RULE 1007(a)(1))**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors-in-possession (the "Debtors") hereby certify the following with respect the Debtors' direct and indirect corporate ownership:

1.  Debtor Sunland Medical Foundation ("Sunland Medical"), a not-for-profit corporation, has no outstanding "equity securities" as defined in section 101(16) of title 11 of the United States Code (the "Bankruptcy Code"), no "equity security holders" as defined in section

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or business identification number, as applicable, are: Sunland Medical Foundation (7757) and 4750 GHW Bush Land Holdings LLC (1614). The location of Sunland Medical's corporate headquarters and the Debtors' service address is 4750 President George Bush Highway, Sachse, TX 75048.

101(17) of the Bankruptcy Code, and no equity interests for purposes of Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

2. Sunland Medical owns 100% of the equity interests or membership interests, as applicable, in Debtor 4750 GHW Bush Land Holdings LLC, which is its direct subsidiary.

| Fill in this information to identify the case and this filing: |
|---|
| Debtor Name: 4750 GHW Bush Land Holdings LLC |
| United States Bankruptcy Court for the: Northern District of Texas (State) |
| Case number (If known): _____ |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration  Consolidated Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8/28/2023
MM / DD / YYYY

X _____
Signature of individual signing on behalf of debtor

Jonathan Nash
Printed name

Chief Restructuring Officer
Position or relationship to debtor

Official Form 202        **Declaration Under Penalty of Perjury for Non-Individual Debtors**